# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>ELEAZAR BASILIO,<br><br>                Defendant. | Case No. CR06-106-RSM<br><br>**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE** |

### INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on December 21, 2011. The defendant appeared pursuant to a warrant issued in this case. The United States was represented by Jill Otake, and defendant was represented by Terry Kellog. Also present was U.S. Probation Officer Sara K. Moore. The proceedings were digitally recorded.

### SENTENCE AND PRIOR ACTION

Defendant was sentenced on May 4, 2007, by the Honorable Ricardo S. Martinez for Bank Fraud. He received 235 days of detention and 5 years of supervised release.

Mr. Basilio completed his term of detention on May 4, 2007, and his period of supervised release commenced. On October 15, 2010, a violation report was submitted to the Court for Mr. Basilio's failure to report to the probation office and his failure to pay restitution. On November

12, 2010, the Court sentenced Mr. Basilio to credit for time served. He was continued on supervision under the same conditions of supervised release to include up to 120 days of location monitoring. On November 29, 2010, Mr. Basilio's location monitoring commenced.

On January 24, 2011, a violation report was submitted to the Court for Mr. Basilios's failure to comply with the location monitoring program. Mr. Basilio returned late to his residence while on discretionary leave. No action was recommended.

On February 8, 2011, a violation report was submitted to the Court for Mr. Basilio's use of alcohol. No action was recommended. Mr. Basilio was referred to Sound Mental Health for a substance abuse evaluation and the frequently of drug testing was increased.

On March 11, 2011, a violation report and request for warrant was submitted to the Court for Mr. Basilio's use of methamphetamine on or about February 23, 2011. On March 28, 2011, Mr. Basilio's supervised release was revoked and he was sentenced to three months in custody followed by 36 months of supervised release. In addition to the original conditions of supervised release, Mr. Basilio was further ordered to reside in and satisfactorily participate in a residential reentry center ("RRC") for 120 days.

On May 18, 2011, Mr. Basilio's second term of supervised release commenced. Mr. Basilio reported to the RRC as directed. However on July 18, 2011, Mr. Basillio was terminated from the RRC for smoking. At the time of his termination, Mr. Basilio had completed two months and three days of his 120 day sanction. On July 28, 2011, a report was submitted to the Court requesting Mr. Basilio's conditions of supervision be modified requiring him to serve the remaining 57 days on home confinement with the curfew component.

**PRESENTLY ALLEGED VIOLATIONS**

In a petition dated October 15, 2010, U.S. Probation Officer Sara K. Moore alleged that

defendant violated the following conditions of supervised release:

1. Failing to report to the probation office as directed on September 28 and October 15, 2010, in violation of standard condition 2.
2. Failing to make payments toward restitution as set forth by the probation officer, in violation of special condition 7.

## FINDINGS FOLLOWING EVIDENTIARY HEARING

Defendant admitted the above violations, waived any hearing as to whether they occurred, and was informed the matter would be set for a disposition hearing on January 13, 2012, at 11:00 a.m. before District Judge Ricardo S. Martinez.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 21st day of December, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED VIOLATIONS
OF SUPERVISED RELEASE - 3